UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HENRY EDWARD BUNDY,      )
                               )     2:  12-cv-01530-PK
        Petitioner,      )
                               )
   v.                     )
                               )     FINDINGS AND RECOMMENDATION
MARK NOOTH,           )
                               )
        Respondent.     )

Anthony D. Bornstein
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon  97204

      Attorney for Petitioner

Frederick M. Boss
Deputy Attorney General
Nick M. Kallstrom
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

      Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Henry Edward Bundy brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for numerous sex crimes against five child victims.  For the reasons set forth below, the Petition for Writ of Habeas Corpus [1] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On June 1, 2001, the Multnomah County Grand Jury returned a reindictment in Case No. 01-05-33676 charging Bundy with thirty-five (35) counts of Sodomy in the First Degree and twenty (20) counts of Sexual Abuse in the First Degree.  Thereafter, on February 13, 2002, the Multnomah County Grand Jury returned a reindictment in Case No. 01-12-38450 charging Bundy with fifteen (15) counts of Rape in the First Degree, eleven (11) counts of Sodomy in the First Degree, one count of Attempted Sodomy in the First Degree, sixteen (16) counts of  Sexual Abuse in the First Degree, one count of Unlawful Sexual Penetration in the First Degree, four (4) counts of Using a Child in a Display of Sexually Explicit Conduct and one count of Delivery of a Controlled Substance to a Minor.  Respondent's Exhibits 102 and 103.[1] Following a jury trial, Bundy was convicted on nearly all

---

[1]  These cases were joined for trial.

(approximately 99) of the above counts and the sentencing court imposed a 200-plus-year sentence. Respondent's Exhibit 101.

Bundy directly appealed his convictions and sentence, but the Oregon Court of Appeals affirmed the trial court without written opinion, and the Oregon Supreme Court ultimately denied review. *State v. Bundy*, 217 Or.App. 511, 178 P.3d 341 (2008), *rev. denied* 354 or. 175, 190 P.3d 1237 (2008); Respondent's Exhibits 104-109.

Bundy next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on the State's motion. *Bundy v. Nooth*, Malheur County Circuit Case No. 09077488P. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon Supreme Court denied review. *Bundy v. Nooth*, 248 Or. App. 262, 274 P.3d 896 (2012), *rev. denied* 352 Or. 170, 285 P.3d 720 (2012); Respondent's Exhibits 125 & 135-140.

On August 23, 2012, Bundy filed this action. His claims for relief as set forth in his Petition [1] are as follows:

1.    Ground One: Failure of Appellate Court to Rule on Motion and Allow Appellant to Proceed Pro-Se

Supporting Facts: The Oregon Court of Appeals failed to rule on Petitioner's Pro Se "Motion to Proceed Without Oral Argument or Alternatively to Proceed Pro Se". [The] Court failed to address Petitioner's concerns as alleged in the motion, and allowed [] appellate counsel to proceed to argue the case before the Appellate Court and continue to represent Petitioner over Petitioner's objection and complaints. The [] court allowed [] counsel to withdraw the motion without any query of the appellant, thereby denying the Petitioner due process of law. Based on the statements included in the motion [],the Appellate Court should have removed Mr. Latto, OSB #81289, as the attorney of record and allowed the

Petitioner to proceed Pro Se.  The Appellate Court should have considered the Petitioner's motion as an attempt by Petitioner to waive counsel.

2.    Ground Two:  Petitioner was denied adequate and effective assistance of trial counsel when [his] Appellate counsel, Harrison Latto [] failed to diligently and conscientiously exercise professional skill and judgment [in his handling of Bundy's appeal].

Supporting Facts:  Appellate counsel acted in bad faith and incompetence when he failed to consult with the attorney of record from the trial in the circuit court. Petitioner appeared Pro Se at trial and, because of this, made numerous requests to appellate counsel to have him consult on the issues Petitioner preserved at trial. Petitioner provided numerous documents to appellate counsel to assist in the argument of issues properly preserved at trial.  Appellate counsel either ignored these documents, or never bothered to read them. Petitioner specifically told appellate counsel that if he was not willing to brief the issues as Petitioner outlined, for appellate counsel to inform Petitioner, and Petitioner would proceed Pro Se.  Appellate Counsel failed to inform Petitioner and did not brief the issues as outlined.

3.    Ground Three:  Insufficiency of Evidence and Failure to Sever at Trial.  Petitioner was deprived of substantial due process of law because the evidence supporting the convictions was unrelated to specific charges [and was insufficient].

Supporting Facts:  There was no evidence offered during trial to support conviction for each and every charge, separately and individually.  Prosecution relied solely upon the grouping of convictions, i.e., testimony that Petitioner had committed an alleged offense a number of times, instead of evidence that the Petitioner had committed each offense on a particular time and at a particular place for each and every charge on the indictment.  The Trial Court failed to sever the two indictments, as requested by motion.  This resulted in the Jury being overwhelmed by the number of charges presented.  No evidence was offered at trial to support many of the charges individually.  Because the jury was overwhelmed by the number of charges, they were unable to sort out which charges were supported by particular

evidence and which were not.  The Court could not, or would not, sort the individual charges either.  When the Court was asked to poll the jury, the Court polled them using groups of charges instead of each individual charge.

4.    Ground Four:  Petitioner was deprived of substantial due process of law because the Trial Court failed to grant a continuance when Petitioner informed Trial Court that the Multnomah County Sheriff's Office was failing to abide by the Trial Court's *own order* to provide adequate access to the law library.

Supporting Facts: When Petitioner requested continuances on several occasions, the Trial Court refused to grant them on the basis that the trial was already going to be too long and the Court was not going to require the jury to remain impaneled any longer than it had to. Petitioner was Pro Se at trial and was without a legal advisor, so the only access Petitioner had to the law was through the jail's law library.  Petitioner made quite a few requests for continuances, none of which appeared in the record, although the Trial Court acknowledged, on the record, that the Oregonian newspaper had mentioned his failure to rule on one of the motions, and then denied the motion.

5.    Ground Five:  Prosecutorial Misconduct

Supporting Facts:   During trial, Petitioner called a child witness, intending to offer evidence that police had questioned multitudes of children and had successfully convinced only three (3) to make accusations against the Petitioner in addition to the originating complainants.  Prosecution questioned the witness during a lunch recess, and, even though the witness had clearly indicated to the Petitioner's investigator that she would testify that the police had already questioned her and she had denied any abuse by the Petitioner, the prosecutor convinced her to change her testimony. Prosecutor then failed to notify Petitioner of the change, or even that the prosecutor had talked to the witness, before the Petitioner called the witness at trial.  The change in testimony resulted in the admission of "other bad acts" evidence, and, because the Petitioner was incarcerated at the time of trial and acting Pro Se, the Petitioner had no way to know that the testimony had

changed.   The misconduct was objected to and the Court
overruled the objection.

6.     Ground Six:   Failure to Exclude Witnesses as Required by
       ORS 132.580

       Supporting Facts:   The names of the witnesses who were
       examined by the grand jury were *inserted at the foot of
       the indictment*, and were **not** indorsed thereon.
       Petitioner objected to all witnesses whose names were
       inserted at the foot of the indictment testifying at the
       trial, under ORS 132.580, because the names of those
       witnesses were not indorsed, in that they failed to show
       how that witness gave testimony as required under ORS
       132.580.  Because the defendant objected to the testimony
       of the witnesses whose names were not indorsed on the
       indictment, the witnesses were required to be excluded
       from testifying at trial.  The objection was overruled by
       the Trial Court, in clear violation of Oregon law.

7.     Ground Seven:  The Trial Court showed clear bias against
       the Petitioner at least two times during trial and
       sentencing.

       Supporting Facts:  On the second day of testimony during
       the trial, the trial judge showed that he had already
       pre-judged the defendant's guilt when he made an improper
       comment about sterilizing the defendant.   Then, during
       the sentencing phase, when the mother of one of the
       victims, who under Oregon law qualified as a victim in
       the case, gave her "victim's statement", and informed the
       Trial Court that the allegations against the Petitioner
       were untrue, instead of asking the victim for
       clarification, the Trial Court attacked the victim.  The
       Court then showed that he was considering evidence for
       sentencing that had been excluded at trial when the Court
       read into the record the contents of a story outline
       written by the Petitioner.  Petitioner had objected to
       the admission of the story outline during trial, and the
       Trial Court had sustained the objection, stating that he
       would not allow it in because he did not want the victims
       to be dragged through another trial, which would happen
       when the conviction was overturned, if he allowed it in.
       The victim had informed the Court that the testimony
       provided by many of the witnesses at trial was false, and
       the Court effectively told her to shut up.

8.   Ground Eight:  Trial Court allowed witness to shield her face from Defendant

Supporting Facts:  Trial Court allowed Hayley Kruempel, one of the witnesses, to shield her face from defendant during her testimony.  When defendant objected, the Trial Court opin[ed] that since the jury could see her face, it was sufficient, and he refused to instruct her to allow the defendant to confront her face to face as required by the Oregon and U.S. Constitutions.

Respondent asks the Court to deny relief on the Petition because:  (1) Bundy's Grounds One, Three, Four, Five, Seven and Eights claims are procedurally defaulted and he cannot demonstrate cause and prejudice to excuse their default; (2) Ground Six is not cognizable in this federal habeas action because it does not involve a federal claim; and (3) Ground Two was denied in a state court decision entitled to deference.

## DISCUSSION

### I.   Unargued Claims

Bundy fails to brief the merits of his Ground One and Grounds Three through Six claims in his counseled supporting memorandum. As noted above, the State contends these claims were either never fairly presented to the Oregon courts and are now procedurally defaulted or fail to state a cognizable federal habeas claim.

The Court has independently reviewed the record with regard to these unargued claims and determined that they would not entitle Bundy to relief.  On habeas review, a petitioner must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent.

28 U.S.C. § 2254(d). By not specifically advancing these grounds for relief in his supporting memorandum, Bundy has failed to meet the burden of proof for habeas relief under § 2254(d). Accordingly, relief on these claims must be denied.

II.  **Exhaustion and Procedural Default.**

A.  **Standards.**

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or

failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

   B.   <u>Analysis</u>.

   Bundy suggests that in accordance with the Oregon appellate rules requiring brevity and not requiring any legal argument, the Oregon Supreme Court would have read his "more limited argument" set out in his Petition for Review *in conjunction with* the briefing before the Oregon Court of Appeals wherein he argued the claims set out in Grounds Seven and Eight. Accordingly, he contends these claims were fairly presented to the Oregon Supreme Court. A fair review of the direct appellate record, however, reveals that Bundy raised only his Ground Six state law claim in his Petition for Review:

> Under ORS 132.580 (2001), when an indictment has not specified the means by which a witness has given testimony, and the trial court does not find that the omission was inadvertent, or that the defendant was not prejudiced, are those witnesses permitted to testify?

Respondent's Exhibit 107, p. 3. Bundy made no reference whatever to federal law in his presentation of this claim, let alone to the distinct claims set out in Grounds Seven and Eight, nor did he attempt to incorporate his Appellant's Brief by reference in his Petition for Review. Moreover, Bundy's argument notwithstanding, any attachments and exhibits to his Petition for Review would not have fairly presented the totally unrelated Ground Seven and Eight federal claims to the Oregon Supreme Court because a claim is not fairly presented if a state court "must read beyond a petition or a brief ... that does not alert it to the presence of a federal claim in order to find material ... that does so." *Reese v. Baldwin*, 541 U.S. 27, 32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). Consequently, it is evident that Bundy's Grounds Seven and Eight claims are procedurally defaulted and the default is not excused.

III. Merits

A.   Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's findings of fact are presumed correct and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the

difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

The Strickland test also applies to claims of ineffective assistance of appellate counsel. *See Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986). Petitioner must show that his appellate counsel's performance was objectively unreasonable in failing to identify and bring the claims on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 1145 L.Ed.2d 756 (2000).

To succeed on a claim that appellate counsel was ineffective for failing to raise a particular argument on appeal, the petitioner must establish that the omitted argument was likely to be successful and therefore that he was prejudiced by its omission. *See Tanner v. McDaniel*, 493 F.3d 1135, 1144 (9th Cir. 2007); *Weaver v. Palmateer*, 455 F.3d 958, 970 (9th Cir. 2006). The inquiry is not whether raising a particular issue on appeal would have been

frivolous, but whether there is a reasonable probability that
raising the issue would have led to the reversal of the
petitioner's conviction. *See Miller*, 882 F.2d at 1434. If the
petitioner had only a remote chance of obtaining reversal based
upon a specific issue, neither element of *Strickland* has been
satisfied. *Id*.

B.  **Analysis**

In his Ground Two claim, Bundy contends that his direct
appellate counsel rendered constitutionally ineffective assistance
when he failed to consult with Bundy, who represented himself at
trial, on issues he maintains were properly preserved at trial and
when he failed to adequately utilize numerous documents provided to
him by Bundy to assist in arguing the preserved issues. Bundy
raised a nearly identical claim in his PCR Petition. Respondent's
Exhibit 110, pp. 11-12.

During the PCR proceedings, respondent filed a Motion to
Dismiss this claim on the basis Bundy failed to comply with the
Oregon rule (ORS 138.580) requiring him to establish facts in
support of his petition through "affidavits, records or other
documentary evidence" and to attach this evidence to the petition.
Respondent's Exhibit 125, p. 2. In response, Bundy argued the PCR
court's briefing schedule allowed for submission of supplementary
exhibits and attached additional exhibits comprised of letters to
direct appellate counsel, a *pro se* memorandum related solely to a

state law claim, and a copy of his "motion to proceed without oral argument and in the alternative to proceed pro-se" made to the Oregon Court of Appeals on direct appeal. In granting respondent's Motion, the PCR court noted:

> Petitioner's second claim alleges his appellant attorney failed to consult with his trial attorney during the appeal. Plaintiff has provided no basis for this claim, in either his original filing or in his response to the motion to dismiss. This claim fails for lack of proof.

Respondent's Exhibit 135, p. 1.

The Court's review of the record reveals direct appellate counsel communicated with Bundy during the course of his representation of him, particularly over the issue of how best to argue the state law claim set out in Ground Six above. While it is apparent Bundy was not satisfied with counsel's work/briefing on this issue and others, Bundy's own letters to counsel reveal they were having substantive discussions over the issues.

Moreover, to the extent Bundy faults appellate counsel with failing to raise or brief certain issues on appeal, respondent's argument that Bundy failed to identify what claims counsel should have raised on appeal and/or to allege whether such claims would have entitled him to relief, are well taken. Bundy's PCR Petition vaguely references "issues properly preserved at trial" that he faults counsel with failing to argue, but he does not identify those issues or claims in his Petition. In one letter submitted with his supplemental PCR exhibits, Bundy briefly eludes to counsel's failure to raise the "law library issue", but does not

14 - FINDINGS AND RECOMMENDATION

explain the claim or argue why it would have entitled him to relief. In this action, Bundy faults counsel with failing to raise meritorious issues, including "the deprivation of adequate access, by Mr. Bundy, to legal materials necessary to his case preparation and the court's failure to grant a continuance in the face of inadequate access." Brief in Support [41], p. 15. However, Bundy does not even attempt to establish, as he must do, that there is a reasonable probability that had counsel raised a claim related to law library access or the trial court's failure to grant a continuance, it would have led to the reversal of Bundy's convictions. Accordingly, Bundy cannot demonstrate on this record that the PCR court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. Nor can Bundy show that the PCR court's denial was based on an unreasonable determination of the facts.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [1] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Bundy has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

15 - FINDINGS AND RECOMMENDATION

### SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

### NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 17th day of September, 2014.

Paul Papak
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION